| | | |
|---|---|---|
| **MARION MATTHEWS** | * | IN THE |
| 4701 Moravia Run Way | | |
| Raspeburg, Maryland 21206 | * | CIRCUIT COURT |
| *individually and on behalf of* | | |
| *all others similarly situated,* | * | FOR |
| | | |
| *Plaintiff* | * | BALTIMORE CITY |
| | | |
| v. | * | CASE NO._____ |
| | | |
| **PURCHASING POWER, LLC** | * | |
| 1375 Peachtree Street | | |
| Suite 500 | * | |
| Atlanta, Georgia 30309 | | |
| | * | |
| SERVE ON: | | |
| RESIDENT AGENT | * | |
| The Corporation Trust, Inc. | | |
| 351 West Camden Street | * | |
| Baltimore, Maryland 21201 | | |
| | * | |
| *Defendant* | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT
## AND
## DEMAND FOR JURY TRIAL

Plaintiff, Marion Matthews, an individual ("Ms. Matthews"), on behalf of herself and all others similarly situated, by and through her undersigned attorneys, sues Defendant, Purchasing Power, LLC, a Georgia limited liability company ("Purchasing Power"), and states as follows:

### INTRODUCTION

1.     This is an action for a declaratory judgment pursuant to the Maryland Uniform Declaratory Judgments Act, Md. Code Ann., Cts. & Jud.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

Proc. § 3-406 and for actual damages for violation of the Maryland Credit Services Business Act, Md. Code Ann., Com. Law § 14-901, et seq., the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter the "MCPA"), and Maryland common law.

2.      Maryland law places various restrictions on those who purport to assist consumers in obtaining credit.

3.      These restrictions include certain licensing, bonding and, most importantly, disclosure requirements.

4.      These requirements are set forth in the Maryland Credit Services Businesses Act ("CSBA"), codified at Maryland Code, Commercial Law Article ("CL"), § 14–1901 et seq.

5.      Under the rubric "credit services business," the CSBA applies to those who offer, in return for compensation, to assist consumers to obtain and "extension of credit" to purchase consumer goods.

6.      An "extension of credit" under the CSBA is any "right to defer payment of debt."

7.      As described more fully below, although Purchasing Power acts as a credit service business in Maryland, it has not complied with the CSBA by, among other things, failing to obtain the required license, failing to post the required surety bond, and failing to provide Maryland consumers with the disclosures required under § 14-1904 & 14-1905 of the CSBA.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

8.    The conduct of Purchasing Power also constitutes a violation of the MCPA and resulting in the unjust enrichment of Purchasing Power, entitling the Plaintiff and the class she seeks to represent to restitution and an award of a reasonable attorney's fee.

9.    This class action seeks monetary, declaratory and injunctive relief to redress unlawful and deceptive practices followed by Purchasing Power as alleged herein.

## PARTIES

10.    Ms. Matthews is a resident of Baltimore City, Maryland.

11.    Purchasing Power, LLC is a limited liability company organized under Georgia law but qualified to do business in the State of Maryland.

12.    At all times material hereto, Purchasing Power was engaged in the business of assisting consumers in obtaining an extension of credit to purchase consumer goods in the State of Maryland.

## JURISDICTION AND VENUE

13.    The Court has personal jurisdiction over the Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-102(a) because it has appointed a resident agent and may be served with process in Maryland.

14.    The Circuit Court for Baltimore City is the proper venue pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6- 202(3) because Purchasing Power has no principal place of business in Maryland and the Plaintiff resides in Baltimore City.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

3

15.    The Circuit Court of Maryland has subject matter jurisdiction over the declaratory judgment count pursuant to Md. Code, Cts. & Jud. Proc. §§ 3-406 & 3-409.

16.    The Circuit Court of Maryland has subject matter jurisdiction over the CSBA and MCPA and unjust enrichment counts pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501because the Plaintiff seeks in excess of $30,000 in damages and has exercised her right to a trial by jury.

## FACTS APPLICABLE TO ALL COUNTS

17.    On May 31, 2014, Ms. Matthews was employed as a store manager at Rite Aid, located at 3935-37 Erdman Avenue, Baltimore, Maryland 21213.

18.    Rite Aid offered employees, including Ms. Matthews, the opportunity to utilize a credit services business, Purchasing Power, as a promotional work program.

19.    Purchasing Power held itself out to be "the leading specialty e-retailer offering consumer products, vacations and online education services through an easy and convenient payment plan." *See* "Who We Are," https://www.purchasingpower.com/about-purchasing-power,

(last accessed May 10, 2017).

20.    Purchasing Power offered consumers the ability to make purchases through a website catalog of home goods, electronics, and more, and provided twelve-month repayment terms to "empower" consumers "to

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

budget and avoid penalty fees and ballooning interest associated with other payment options." *Id.*

21. Purchasing Power holds itself out as "transparent. No surprises. Period" and claims to be "upfront and clear about our processes." *Id.*

22. Through Purchasing Power, consumers like Ms. Matthews could sign installment loan contracts to purchase consumer goods and enroll to have payments automatically deducted from their paychecks and applied towards the Purchasing Power credit plans.

23. Ms. Matthews executed three consumer contracts with Purchasing Power (hereafter, "Matthews Agreements"):

    a. On May 31, 2014, Ms. Matthews executed a Retail Installment Sales Contract with Purchasing Power to finance $750.36 of credit for the purchase of consumer goods.

    b. On June 3, 2014, Ms. Matthews executed a Retail Installment Sales Contract with Purchasing Power to finance $953.93 of credit for the purchase of consumer goods.

    c. On October 3, 2014, Ms. Matthews executed a Retail Installment Sales Contract with Purchasing Power to finance $1,418.43 of credit for the purchase of consumer goods.

24. Pursuant to the Matthews Agreements, Purchasing Power contacted suppliers directly on behalf of Ms. Matthews and the suppliers shipped Ms. Matthews her consumer goods. Purchasing Power was, for all intents and

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

purposes, the "straw buyer" for the consumer goods and merely issued loan documentation and lines of credit for consumer purchases from unrelated companies.

25.    The chart below shows the difference between the prices Ms. Matthews paid through Purchasing Power and the price of competitive online retailers:

| Product | Purchasing Power Price | Retail Price | Retailer/Source |
|---|---|---|---|
| Rockland 3pc Polycarbonate & ABS Upright Set | $209.00 | $152.99 | Target.com |
| High Sierra 36" Drop-Bottom Wheeled Duffel | $169.00 | $118.99 | Amazon.com |
| Royce Leather Full Grain Nappa Cowhide Luggage Tag | $19.00 | $13.00 | Amazon.com |
| Michael Kors Messenger Bag | $259.00 | $198.00 | MichaelKors.com |
| Apple IPhone 5S 16GB No Contract | $965.99 | $649.00 | APPL Investors.net |
| Coach IPhone Case | $65.00 | $48.00 | Coach.com |
| Call of Duty Xbox game | $78.00 | $59.99 | Microsoft.com Xbox Store (compared to Call of Duty Black Ops III - Gold Edition) |
| Disney Infinity Xbox game | $97.00 | $64.99 | ToysRUs.com (compared to Disney Infinity 3.0 Edition Starter Pack) |
| Xbox One Madden Bundle | $1,148.99 | $599.00 | Wikipedia (release price in 2014) |
| **Total** | **$3,010.98** | **$1,903.96** | |

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

26.    In spite of Purchasing Power's budget-friendly claims, Ms. Matthews paid approximately 37% more for the consumer goods she bought through Purchasing Power.

27.    Upon information and belief, Purchasing Power inflated the prices advertised on its website well above the market value of the products to receive a profit for the credit services plans it regularly provided to Maryland consumers.

28.    In spite of the inflated prices, Purchasing Power provided Truth-In-Lending Disclosures alleging that the finance charge was "0%" and in this manner deceived Maryland consumers.  By comparison, Purchasing Power claimed that "if you use traditional financing, you will typically end up paying interest at a rate of 18 - 25% over a 3 to 4 year period." *See* https://www.purchasingpower.com/support/product-pricing

(last accessed May 24, 2017).

29.    Purchasing Power advertised online that "there is no interest or other financing charges with Purchasing Power." Purchasing Power also touted that, "typically, low advertised prices through a retailer may not have the same product configuration and accessories as Purchasing Power. If you compare all the features of a Purchasing Power bundle to a low advertised price, you'll find that you get more **value-add** with Purchasing Power." *Id.* Emphasis added.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

30.   As a result of Purchasing Power's unlicensed activities, Maryland consumers entered into illegal credit contracts and made inflated payments from their paychecks for products with padded fees that went directly to Purchasing Power.

31.   Ms. Matthews made payments on the Matthews Agreements via automatic payroll deduction through April 28, 2015, shortly after which she left her employment with Rite Aid for a better position as a store manager with Family Dollar.   Ms. Matthews worked for Family Dollar through December of 2015.

32.   Due to health reasons, Ms. Matthews has not been able to return to employment since then.

33.   Upon information and belief, Ms. Matthews did not receive any written communications from Purchasing Power after April 28, 2015.

34.   Upon information and belief, on or about March 28, 2016, Purchasing Power sold the Matthews Agreements to a Maryland debt collector, BSD Collections, in a portfolio of loans worth $185,363.09.

35.   On May 10, 2017, the District Court for Baltimore City entered a dismissal with prejudice in an action BSD Collections filed to collect any outstanding monies Ms. Matthews allegedly owed from her contracts with Purchasing Power, LLC (Case No. 0101-0027635-2016).

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

36.     Through the misconduct of Purchasing Power, Ms. Matthews was placed in a financially worse position than if she had not utilized Purchasing Power's services to buy consumer products.

37.     Pursuant to Md. Code Ann, Com. Law § 14-1901(e), a "credit services business" under Maryland law is defined as "any person who, with respect to the extension of credit by others, sells, provides, or performs, or represents that such person can or will sell, provide, or perform, any of the following services in return for the payment of money or other valuable consideration: (i) Improving a consumer's credit record history, or rating or establishing a new credit file or record; (ii) Obtaining an extension of credit for a consumer; or (iii) Providing advice or assistance to a consumer with regard to either subparagraph (i) or (ii) of this paragraph."

38.     An "extension of credit" as related to a credit services business "means the right to defer payment of debt or to incur debt and defer its payment, offered or granted primarily for personal, family, or household purposes." Md. Code Ann., Com. Law § 14-1901(f).

39.     Purchasing Power acted as a credit service business in its actions with Ms. Matthews as described above.

40.     Maryland law provides that "notwithstanding any election of law or designation of situs in any contract, [...] [a] credit services business is required to be licensed." Md. Code Ann. Com. Law § 14-1903.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

41.    Purchasing Power did not obtain a license to act as a credit service business in Maryland.

42.    A credit services business must also give a consumer to whom it is providing services, a written statement which will detail the services provided, their right to certain required information for the consumer, and the total fees to be charged to the consumers before the credit services business actually performs any services on the consumer's behalf.   Md. Code Ann., Com. Law § 14-1904 & 14-1905.

43.    The Matthews Agreements did not meet the requirements described in paragraph 37 above.

44.    A credit services business must also provide a consumer a written right to cancel the contract for credit services it establishes with a consumer in a specific form. Md. Code Ann., Com. Law §14-1906.

45.    Purchasing Power failed to provide Ms. Matthews with the required right to cancel described in paragraph 39 above.

46.    The actions described above by Purchasing Power were willful and knowing.  Purchasing Power is a sophisticated, nationwide business, which has knowledge of the various state laws that govern credit services.

47.    By failing to provide consumers with written statements that detailed services performed and actual fees, Purchasing Power illegally withheld information that Maryland consumers needed to make fully informed decisions.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

10

48.   Under the CSBA, "any contract for services from a credit services business that does not comply with the applicable provisions of this subtitle shall be void and unenforceable as contrary to the public policy of this State." Md. Code Ann., Com. Law § 14-1907.

49.   A credit services business that willfully fails to comply with any requirement imposed by the Maryland Credit Services Businesses Act, "is liable to the consumer in an amount equal to the sum of: (1) Any actual damages sustained by the consumer as a result of the failure; (2) A monetary award equal to 3 times the total amount collected from the consumer, as ordered by the Commissioner; (3) Such amount of punitive damages as the court may allow; and (4) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." Md. Code Ann., Com. Law § 14-1912(a).

50.   A credit services business which negligently fails to comply with any requirement imposed by the Maryland Credit Services Businesses Act, in failing to comply with any requirement imposed under the law "with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) Any actual damages sustained by the consumer as a result of the failure; and (2) In the case of any successful action to enforce any liability under this section, the cost of the action together with reasonable

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

attorney's fees as determined by the court." Md. Code Ann., Com. Aw §14-1912(b).

51.    "Each sale of the services of a credit services business that violates any provision of [the Maryland Credit Services Businesses Act] is [also] an unfair or deceptive trade practice under Title 13 of this article." Md. Code Ann., Com. Law §14-1914.

52.    By information and belief, during the three-year period preceding the filing of the instant action, Purchasing Power has acted as a credit service business for hundreds, if not thousands, of Maryland consumers such as Ms. Matthews, without complying with the requirements of the CSBA.

53.    By information and belief, Purchasing Power has collected hundreds of thousands of dollars in unlawful fees from Maryland consumers without complying with the requirements of the CSBA.

## CLASS REPRESENTATION ALLEGATIONS

54.    The Plaintiff brings this action on behalf of herself and a class of all other persons similarly situated, as a representative member of the following class:

All Maryland residents, who in the three (3) years preceding the filing of the instant action paid Purchasing Power to obtain consumer goods.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

12

55.   **Numerosity of the Classes.**  Pursuant to Md. Rule 2-231(a)(1), the prospective class members are estimated to number at least 100 and are so numerous that joinder of all members would be impractical.

56.   The exact size of the proposed class and identity of the members thereof are readily ascertainable from Purchasing Power's business records.

57.   **Existence of Common Questions of Law and Fact.**  Pursuant to Md. Rule 2-231(a)(2), there are questions of law and fact common to the Class, which common issues predominate over any issues involving owing individual class members.  These include, but are not limited to:

a.   Whether Purchasing Power is a credit services business as defined under the CSBA.

b.   Whether Purchasing Power failed to provide consumers with mandatory written disclosures under the CSBA.

c.   Whether Purchasing Power entered into agreements for the extension of consumer credit with Maryland consumers that are void as a matter of law.

d.   Whether Purchasing Power collected profits from void and unenforceable contracts.

e.   Whether the Plaintiff and members of the Class have been subjected or may be subjected to collection and reporting activities, as described above.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

f.     Whether a three (3) year statute of limitations applies under Maryland law, or a six (6) year statute of limitations applies through Purchasing Power's election of Georgia law in the underlying contracts.

58.   **Typicality of Claims.** Pursuant to Md. Rule 2-231(a)(3), the Class Representative's claim is typical of those of the classes she seeks to represent in that the Class Representative entered into agreements for the extension of consumer credit that violated Maryland law as described above. As such, the claim of the Class Representative is identical to that of the class members.

59.   **Adequacy of Representation.** Pursuant to Md. Rule 2-231(a)(4), Marion Matthews will fairly and adequately protect and represent the interest of each class member. The Plaintiff's interests are not antagonistic to those of the other members of the Class. The Plaintiff has retained counsel experienced in handling class actions and actions involving unlawful commercial practices. Neither the Plaintiff nor her counsel have any interest which might prevent them from actively and vigorously pursuing this action. The Plaintiff has no conflicts of interest that would interfere with her ability to represent the interests of the members of the Class.

60.   **Predominance and Superiority under Md. Rule 2-223(b)(3).** A class action is superior to other methods for fair and

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against Purchasing Power.

61.    The Class Representative is represented by counsel competent and experienced in both consumer protection and class action litigation.

62.    Members of the proposed class who have an interest in individually controlling the prosecution of separate claims against Purchasing Power will not be prejudiced by this action. Each member of the proposed classes will be identified through discovery from Purchasing Power and will be notified and given an opportunity to opt out of their respective class(es).

63.    The Class Representative does not presently know the nature and extent of any pending litigation to which a member of the proposed classes is a party and in which any question of law or fact controverted in the present action is to be adjudicated. The Class Representative will identify any such pending litigation by discovery from Purchasing Power.

64.    This Court is an appropriate forum for the present action in that the Class Representative is, and at all times herein mentioned has been, a resident of this county; the refinancing of the loan of the Class

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

Representative occurred in this county; and Purchasing Power does business in this county, including without limitation providing to residents of this county assistance in the financing of vehicles that are consumer goods.

65.     **Certification of a Class under Md. Rule 2-231(b)(2).** Certification of a class under Md. Rule 2-231(b)(2) is also appropriate as the questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66.     The Class Representative requests certification of a class for monetary damages under Md. Rule 2-231(b)(3) and for equitable relief under Md. Rule 2-231(b)(3).

67.     There are no difficulties likely to be encountered by the Court in the management of this proposed class action.

68.     The Class Representative's counsel is entitled to a reasonable fee from the class members or from a common fund for the handling of this action.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

16

## CAUSES OF ACTION

### COUNT ONE
#### VIOLATIONS OF THE MD. CREDIT SERVICES BUSINESSES ACT
#### MD. CODE ANN., COM. LAW § 14-1901 *et. seq.*

69.   The Class Representative realleges and reaffirms the allegations contained in Paragraphs 1 through 68 above as if set forth hereat in full.

70.   Purchasing Power engaged in the business of a credit service business in Maryland and is subject to the CSBA.

71.   Purchasing Power was not licensed to make installment loans or perform credit services businesses.

72.   Purchasing Power violated the rights of the Class Representative and the class members by failing to provide the disclosures and contracts statutorily mandated under the CSBA.

73.   As a direct and proximate result of Purchasing Power's unlawful conduct described above, the Class Representative and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

74.   The Class Representative and class members are entitled to actual and statutory damages as well as injunctive relief.

### COUNT TWO
#### DECLARATORY AND INJUNCTIVE RELIEF
#### MD. CTS. & JUD. PRO. §3-406

75.   The Class Representative realleges and reaffirms the allegations contained in Paragraphs 1 through 68 above as if set forth hereat in full.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

76.    This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro §3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations under the credit services contracts of the Class Representative and members of the class and the consumer protections embodied in the Maryland Credit Services Businesses Act.

77.    Purchasing Power maintains that it may operate a business of obtaining extensions of credit for consumers and providing advice or assistance to consumers with respect to obtaining an extension of credit for consumers without complying with the requirements of the CSBA. As such, consumers will not receive the protections and benefits of Maryland law until this Court declares and affirms that Purchasing Power must comply with the requirements of the CSBA.

78.    Based on information and belief, there is an actual, judicable controversy between the parties relating to the construction of the Credit Services Contract of the Class Representative and members of the Class and the application of the CSBA to those contracts.

79.    The public interest is best served by granting the requested injunctions, as the public has a compelling interest in preventing Purchasing Power from violating the statutory and common law of the State of Maryland.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

80.    The Class Representative and other members of the Class are likely to succeed on the merits of this action, as the CSBA explicitly requires that Purchasing Power provide specific disclosures to consumers for whom it provided services.

## COUNT THREE
### RESTITUTION AND UNJUST ENRICHMENT

81.    The Class Representative realleges and reaffirms the allegations contained in Paragraphs 1 through 68 above as if set forth hereat in full.

82.    By paying money for credit services, the Class Representative and members of the Class conferred a benefit of illegally collected charges upon Purchasing Power.

83.    Purchasing Power accepted the benefits conferred upon them by the Class Representative and members of the Class.

84.    Purchasing Power's collection, acceptance and retention of these charges, when Purchasing Power was not entitled to the charges as a matter of law, is and was and continues to be unjust and inequitable, and Purchasing Power has not refunded the charges to the Class Representative and members of the Class. Purchasing Power should not be permitted to retain the benefits of those illegal charges. Purchasing Power's continued withholding of the illegal charges is improper.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

85.     The Class Representative and members of the Class conferred these unjust benefits upon Purchasing Power after and as a result of Purchasing Power's misconduct as set forth herein.

**COUNT FOUR**
**VIOLATIONS OF THE MD. CONSUMER PROTECTION ACT**
**MD. CODE ANN., COM. LAW § 13-101 *et. seq.***

86.     The Class Representative realleges and reaffirms the allegations contained in Paragraphs 1 through 68 above as if set forth hereat in full.

87.     Maryland's Consumer Protection Act ("CPA"), Md. Code. Ann., Comm. Law § 13-101 et seq., prohibits any "person" from engaging in any unfair or deceptive trade practices, inter alia, in the extension of consumer credit and in the collection of consumer debts. CPA, § 13-303(3) and (4).

88.     As a "person" under the CPA, §13-101(h), Defendant is prohibited from engaging in unfair and deceptive trade practices.  CPA § 13-301.

89.     Pursuant to § 14-1914(a) of the CSBA, a violation of the CSBA is an unfair and deceptive trade practice under the CPA.

90.     The CPA specifically prohibits Purchasing Power from making any false or misleading oral or written statement or other representation of any kind which has the capacity, tendency or effect of misleading consumers. CPA §13-301(1).

91.     The CPA further prohibits Purchasing Power from failing to state a material fact if the failure deceives or tends to deceive.  CPA § 13-301(3).

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

92.    This failure to disclose material facts led the Class Representative or members of the Class to make purchases and payments that they would not have made had Purchasing Power informed them of the material facts.

93.    As a result of Purchasing Power's unfair and deceptive trade practices in violation of the CPA, the Class Representative and members of the Class were induced to pay monies Purchasing Power for which Purchasing Power was not entitled.

### COUNT FIVE
### CLAIM FOR ATTORNEY'S FEES ALLOWED BY LAW

94.    Pursuant to Rule 2-703(b) the Plaintiff includes this separately numbered claim for attorney's fees in this initial pleading.    Further, pursuant to Rule 2-703(d), the Plaintiff advises the court and the Defendant that they believe that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.

### PRAYER FOR RELIEF

WHEREFORE, Marion Matthews, an individual, prays for relief on behalf of herself and all others similarly situated:

A.    For an Order certifying the instant matter as a class action;

B.    For a declaratory judgment establishing that Purchasing Power may not continue operating as a credit service business without complying with the requirements of Maryland law;

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

C.     For compensatory damages as a result of Purchasing Power's direct and indirect, unfair or deceptive and unlawful practices as described herein pursuant to Md. Code Ann., Com. Law §§ 13-408 & 14-1912 in an amount to be proven at trial believed to be in excess of $75,000.00;

D.     For punitive damages, for Purchasing Power's willful violations of Maryland law, as the Court may allow pursuant to Md. Code Ann., Com. Law § 14-1912;

E.     For reasonable attorney's fees and costs pursuant to Md. Code Ann. Com. Law §§ 13-1408 & 14-1912; and

F.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff requests a trial by jury of any claims that may be determined by a jury.

Dated: May 25, 2017

_E. Cal Hoskins_

E. David Hoskins, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

Steven Isbister, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
dorisweil@hoskinslaw.com


Kathleen P. Hyland, Esq.
HYLAND LAW FIRM, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 777-5396 (Tel.)
kat@lawhyland.com

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500